**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Floyd Benenhaley Jr., SCDC # 304988, ) <br> aka Floyd L. Benenhaley, Jr.,                 ) <br>                                                             ) <br>               Plaintiff,              ) <br>                                                             ) <br> v.                                                        ) <br>                                                             ) <br> South Carolina Department of Corrections; ) <br> Director Jon Ozmint, SCDC;              ) <br> Terry Bracey, Major, Rapid Response   ) <br> Team; Elwood Sessions, Captain,         ) <br> Rapid Response Team,                       ) <br>                                                             ) <br>               Defendants.           ) <br> _____) | C.A. No.: 8:08-2717-PMD-BHH <br><br> **ORDER** |

Plaintiff Floyd Benenhaley, Jr. ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights by using excessive force against him. This matter is before the Court upon the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be denied. The Record contains the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce H. Hendricks made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On April 6, 2009, Defendants SCDC and Jon Ozmint filed timely objections to the R&R.

**BACKGROUND**

Plaintiff is an inmate at the Kershaw Correctional Institution ("KCI"). On July 30, 2008, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Major Terry Bracey ("Bracey"), Captain

1

Elwood Sessions ("Sessions"), the South Carolina Department of Corrections ("SCDC"), and the Director of the SCDC, Jon Ozmint ("Ozmint"). Plaintiff alleges that on March 12, 2007 during an "institutional shakedown," Major Bracey assaulted Plaintiff while he was handcuffed. (Compl. at 3-4.) Plaintiff alleges that Captain Sessions observed the assault and did nothing to prevent it. *Id.* at 4. According to the Plaintiff, Plaintiff was removed from his cell and escorted to the sally-port of the facility by Bracey for asking about showering privileges. *Id.* at 3. Plaintiff alleges that Bracey was joined by Sessions in the sally-port and that, while there, Bracey assaulted him, causing bruising on his face, ribs, and chin, a dislocated toe, and chipped tooth. *Id.* at 4. Bracey and Sessions deny any impropriety, alleging that Plaintiff's injuries were sustained as a result of his own resistance and their good faith attempts to subdue him and restore order. (Sessions Aff. ¶ 7; Bracey Aff. ¶ 7.)

Plaintiff filed a Step I Grievance # KRCI 0422-07 on March 12, 2007, which was forwarded to the Division of Investigations for review and ultimately denied on April 20, 2007, citing Plaintiff's failure to produce evidence in support of his allegations and the *de minimis* use of force used by SCDC staff to restrain Plaintiff. (Coleman Aff. ¶ 9.)

On April 30, 2007, Plaintiff filed a Step II Grievance # KRCI 0422-07, which was denied on September 29, 2008 because the use of force was determined to be *de minimis* and necessary to restrain Plaintiff. *Id.* ¶ 10. Plaintiff did not file an appeal under the Administrative Procedures Act to an Administrative Law Judge. *Id.*

On November 5, 2008, Defendants filed a Motion for Summary Judgment claiming that they did not breach their legal duty to refrain from wantonly inflicting pain on the Plaintiff, that the Plaintiff did not exhaust his administrative remedies, and that the Eleventh Amendment and

2

qualified immunity barred Plaintiff's suit. (Defs.' Mot. Summ. J. at 3,6, & 8.)

On March 20, 2009, United States Magistrate Judge Bruce H. Hendricks issued an Amended Report and Recommendation concluding that the Defendants' Motion for Summary Judgment should be denied, finding that the Plaintiff had exhausted his administrative remedies, that questions of fact remained concerning *de minimis* force and Defendants' state of mind, and that the officer Defendants did not enjoy qualified immunity. The R&R did not discuss the implications of the Eleventh Amendment on the case *sub judice* and did not state whether Defendant Ozmint was entitled to qualified immunity.

On April 6, 2009, Defendants Ozmint and SCDC filed an Objection to the Magistrate Judge's Report and Recommendation ("Objection") stating that they accepted the reasoning of the Magistrate Judge with respect to the officer Defendants, but that they objected to the R&R's denial of summary judgment in regards to the SCDC and Jon Ozmint. Defendants reiterated arguments previously raised in their Motion for Summary Judgment--that the Eleventh Amendment barred suit against the SCDC and Jon Ozmint, when sued in his official capacity, and that qualified immunity protected Ozmint if this Court determined that he was sued in an individual capacity.

## STANDARD OF REVIEW

### A.     Liberal Construction of *Pro Se* Complaint

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89(2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the

plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B.     The Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* In the absence of specific objections to the R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Furthermore, "absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge." *Estes v. Cohen*, 2009 WL 1346130 at *1 (D.S.C. May 12, 2009) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).

A review of the record indicates that with regard to Defendants Bracey and Sessions, the Magistrate Judge accurately applied the relevant law. Defendants Bracey and Sessions failed to object to the R&R. Therefore, the R&R as it applies to Plaintiff's claims against those Defendants is adopted and incorporated into this order. The Magistrate Judge, however, failed to discuss the Eleventh Amendment or qualified immunity as applied to the SCDC and Jon Ozmint, and specific objections were filed concerning these issues. *De novo* review is therefore required as to these matters.

### C.     Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'"  *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).  Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex*, 477 U.S. at 327.

## DISCUSSION

### A.     The Eleventh Amendment

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be

5

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410 at *1 (4th Cir. 1996) (unpublished table decision); *see also LCS Servs., Inc. v. Hamrick*, 948 F.2d 1281 at *2 (4th Cir. 1991) (unpublished table decision) ("The Eleventh Amendment precludes federal courts from hearing suits against states."). The State of South Carolina has not consented to suit in federal court. See S.C. Code § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."); *see also Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007); *Pringle v. S.C. Retirement Sys*., 2007 WL 295626 at *5 (D.S.C. Jan. 29, 2007). Furthermore, an agency of state government, such as the South Carolina Department of Corrections, is a part of the state for purposes of the Eleventh Amendment and is therefore "immune from suit under 42 U.S.C. § 1983 under the Eleventh Amendment to the United States Constitution." *See Collins v. S.C. Dep't of Corr.*, 2007 WL 1381522 at *2 (D.S.C. May 4, 2007); *Florida Dept. of Health & Rehabilitative Servs. v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459 (1945). Under the Eleventh Amendment, therefore, this Court has no jurisdiction to consider a § 1983 suit against the SCDC and must, therefore, dismiss Plaintiff's claims against it.

Eleventh Amendment protection from damages suits also applies to state employees acting in their official capacity as "arms of the State." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 144 (1993) (Stevens, J., dissenting). The Eleventh Amendment, however, generally does not bar suits for damages against state officers, so long as those officers are sued in their individual capacities. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed. *Id.* at 167 n.14 (quoting *Brandon v. Holt*, 469 U.S. 464 (1985)). Official capacity suits are those that entertain the constitutionality of an entity's policy or custom. *Graham*, 473 U.S. at 166.

Plaintiff does not specify in his Complaint whether he intends to sue Jon Ozmint in an official or individual capacity. Plaintiff has not made any specific, personal allegations against Jon Ozmint, and to the extent that Plaintiff is alleging that Jon Ozmint is liable for directing an "institutional shakedown" and requiring inmates to be handcuffed during parts of the process, the allegations involve questions of the SCDC's policies or customs. In such circumstances it appears that Ozmint is merely being sued as an "arm of the State" and "the action is in essence one for the recovery of money from the state." *See Ford Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464 (1945). Therefore, sovereign immunity applies in this instance, and this Court lacks jurisdiction to hear claims against Ozmint in his official capacity. Accordingly, to the extent Plaintiff is seeking relief under § against Ozmint in his individual capacity, such claims are dismissed.

### B.    Qualified Immunity

Any claims that Plaintiff has against Ozmint in his individual capacity also fail as a matter of law. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457

7

U.S. 800, 818 (1982). Plaintiff has not made any allegations or presented any evidence to suggest that Defendant Ozmint violated any of Plaintiff's "clearly established statutory or constitutional rights." Plaintiff has not alleged that Ozmint was personally involved in the alleged assault in any manner. Plaintiff's Complaint only mentions Ozmint in relation to activities involving his discretionary functions as Director of the SCDC, namely ordering periodic "institutional shakedowns" and requiring inmates to be handcuffed during parts of the process. None of the policies that Ozmint oversees as Director of the SCDC have been called into question, and Ozmint's policy-making did not violate Plaintiff's clearly established rights. Therefore, Defendant Ozmint is entitled to qualified immunity, and summary judgment in his favor is appropriate.

### C.     Respondeat Superior

Finally, if and to the extent that Plaintiff alleges that Ozmint is liable under a theory of *respondeat superior* for the actions of Defendants Bracey and Sessions, it is well-established that the doctrine is generally inapplicable to § 1983 suits, and is applicable only where subordinate employees behave pursuant to an official policy or custom resulting in illegal action. *See Samuel v. Ozmint*, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008); *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir.1982). "Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization." *Samuel*, 2008 WL 512736 at *7 (quoting *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985)).

Plaintiff did not allege that Defendant Ozmint was personally responsible for any of the

8

alleged incidents, has not alleged that any SCDC policy or custom authorized Defendants Bracey and Sessions to use excessive force against an inmate. Further, Plaintiff has not shown that Defendant Ozmint was deliberately indifferent to, or tacitly authorized, the officers' actions. Thus, Plaintiff cannot show that Defendant Ozmint is liable on a theory of *respondeat superior* or supervisory liability.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the Defendants Jon Ozmint and SCDC's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 11, 2009**

9